UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| WILLIAM E. SPAULDING, III, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION V-09-58 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**Memorandum Opinion and Order**

William E. Spaulding, III ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). Respondent has filed an Answer with Brief in Support, (Dkt. No. 13), and Petitioner has responded, (Dkt. No. 16). After considering the Parties' arguments, the record, and the applicable law, the Court is of the opinion that Petitioner's habeas petition should be DISMISSED.

**Factual Background**

Petitioner is incarcerated pursuant to a judgment and sentence of the 24th District Court of Jackson County, Texas, cause number 85-5-3749, styled *The State of Texas v. William Ellsworth Spaulding, III*. *Ex parte Spaulding*, Application No. 9,534-22, SHCR-22 at 34-36.[1] Petitioner pled guilty to aggravated sexual abuse and true to one enhancement paragraph. *Id.* On May 6, 1985, the court sentenced Petitioner to thirty-five years of imprisonment in the TDCJ-CID. *Id.*

On April 7, 2008, Petitioner filed a federal writ petition challenging his parole

---

[1] "SHCR-22" refers to the written pleadings contained within *Ex parte Spaulding*, Application No. 9,534-22.

revocation. *Spaulding v. Livingston*, No. H-08-1054 (S.D. Tex. 2008). That petition was denied on December 11, 2008. *Id.* Petitioner field the instant petition on September 4, 2009, alleging that his educational credits were improperly forfeited when his parole was revoked. (Dkt. No. 1).

## Legal Standard

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), before a prisoner can file a successive habeas petition in district court, he must first obtain leave to file a successive petition from the appropriate circuit court. 28 U.S.C. § 2244(b)(3)(A). Compliance with § 2244(b)(3)(A)'s certification requirement is a prerequisite to the district court's jurisdiction. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Petitioner has not obtained leave from the Fifth Circuit to file the pending petition. Thus, the Court does not have jurisdiction to consider it. Accordingly, Petitioner's habeas petition (Dkt. No. 1) is DENIED. All other pending motions are DENIED as moot.

Signed this 15th day of April, 2010.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE